LAW OFFICES OF TARSHA C. SMITH
P.O. BOX 779
PATCHOGUE, NEW YORK 11772
(631) 447-8151

February 26, 2019

Via ECF

MAGISTRATE JUDGE SANKET J. BULSARA
United States District Court
Eastern District of New York
225 Cadman Plaza, East
Brooklyn, New York 11201

    RE:        DEBORAH MELTZER v. Majesty Coach. et al.
    Index No.:  17-04447
    Subject:   Request Reconsideration of Defendant's Motion for Leave to File a Motion to Strike or Request for Leave Plaintiff to File a Surreply to Defendant's Motion to Strike

Dear Magistrate Judge Bulsara:

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

The Plaintiff in the above-captioned case, through counsel, respectfully move for leave to submit the attached Surreply in response to new arguments and factual claims made by Defendants (hereinafter "Majesty") in Defendant's Motion for Leave to File Motion to Strike dated February 15, 2019. These arguments and claims did not appear in the Majesty's previous letter motions, and thus Plaintiffs have not had an opportunity to respond.

"The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Plaintiffs satisfy this standard because the Majesty's reply letter presents several matters for the first time, and

Plaintiffs have not been able to contest these matters, as detailed below. In this Circuit, "district court[s] routinely grant[] such motions" when this standard is satisfied. Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003).

This office mailed on February 14, 2019 the following to the Defendants in good faith: PLAINTIFF'S RULE 26(a)(1) DISCLOSURE, PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES, DISCOVERY RESPONSE, RESPONSE TO NOTICE TO PRODUCE PURSUANT TO CPLR § 4545, including but not limited to, medical records and HIPAA

authorizations to Stony Brook University Hospital, Island Musculoskeletal Care, M.D., P.C., Stony Brook Hospital, Zwanger-Pesiri Radiology, Stop and Shop Pharmacy.

This office was perplexed as to the Defendant's letter dated February 15, 2019 stating that this office failed to serve proper responses to Defendant's Interrogatories and discovery requests. This office was further astounded that the Defendant sought leave for a motion to strike after having served the Defendant the PLAINTIFF'S RULE 26(a)(1) DISCLOSURE, PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES, DISCOVERY RESPONSE, RESPONSE TO NOTICE TO PRODUCE PURSUANT TO CPLR § 4545, including but not limited to, medical records and HIPAA authorizations to Stony Brook University Hospital, Island Musculoskeletal Care, M.D., P.C., Stony Brook Hospital, Zwanger-Pesiri Radiology, Stop and Shop Pharmacy.

In an effort to resolve the issues brought up in said letter, this office met with Ms. Seltzer as soon as possible, last night, to have her sign 30 authorizations. This office called the Defendant, today, to let them know that good faith efforts are being made to resolve this situation amicably. During that conversation, Ms. Klotz advised me that she never received the discovery responses and responses to interrogatories. Ms. Klotz was assured that if she did not get said items it was inadvertent due to office error. Ms. Klotz did acknowledge that the office received the initial disclosure, the HIPAA's and over a hundred pages of medical records. Immediately, Plaintiff's discovery responses and response to interrogatories were emailed to Ms. Klotz and Mr. Silverstone.

I request that this Court reconsider granting Defendant's leave to file a motion to strike. Majesty failed to confer before making such request. On February 14, 2019, Plaintiff mailed to Defendant in good faith all documents listed in its cover letter. Majesty received Plaintiff's discovery documents on February 15, 2019 via UPS. Any deficiencies in serving the Defendant on February 14, 2019 was due to office error and immediate steps are being taken to correct said error, including but not limited to immediately emailing the Defendant's the missing documents, today, once this office was made aware of the fact. Further, Plaintiff's conduct does not rise to the level of conduct that will warrant striking Plaintiff's complaint because it was office error. Defendant failed to contact me regarding the deficiency considering I sent a cover letter outlining that I sent, including but not limited to, the discovery response and interrogatories included in the UPS package and documents on February 14, 2019.

**DEFENDANT FAILED ITS OBLIGATION TO MEET AND CONFER PRIOR TO FILING THIS MOTION**

Majesty failed to abide by the procedural and substantive requirements of the Federal Rules of Civil Procedure and this Court' Local Rules. Federal Rule 37(a)(1) requires that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). This Court's Local Rules impose an even stronger obligation: Local Rule 37(E) states:

(E) Consultation Among Counsel: Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of

counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue. (emphasis added).

In the case at bar, Defendant failed to confer with Plaintiff before requesting leave to strike Plaintiff's complaint, a drastic remedy. Plaintiff mailed her discovery on February 14, 2019. Majesty received Plaintiff's package on February 15, 2019. Defendant reviewed it and immediately sent the court a letter motion for leave to file a motion to strike. Majesty failed to confer as to the missing documents that, according to the cover letter I sent, should have been in the UPS package I sent them. Majesty has tied up the court with motions instead of conferring. Plaintiff was not given an opportunity to cure the office error. I was not even aware that the Defendant did not receive documents until I called today. Had Defendant conferred, Defendant could have avoided unnecessary motion practice. After Plaintiff served the discovery responses February 14, 2019, if Defendant was not satisfied with the responses Defendant would be entitled to request leave to file a motion to compel not a motion to strike. Had Majesty acted in good faith, the matter would have been resolved between the parties instead of engaging the court.

WHEREFORE, Plaintiff prays that Defendant's leave to file motion to strike be reconsidered and denied in all respects or in the alternative that Plaintiff be granted leave to file a surreply to address the fact that the documents have been provided to the Defendant, and other further relief the court deems just and proper.

Respectfully submitted,

/s/
Tarsha C. Smith, Esq.
tarshasmith@optonline.net
cc:

Adam H. Silverstone, Esq.
Jessica D. Klotz
Amy E. Bedell, Esq.
Attorneys for Majesty Coach
Via ECF

CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2019, I electronically filed the Plaintiffs' Request Reconsideration of Defendant's Motion for Leave to File a Motion to Strike or Request for Leave Plaintiff to File a Surreply to Defendant's Motion to Strike through the CM/ECF system, which sends notification to counsel for Defendants.

/s/ Tarsha C. Smith, Esq.
Tarsha C. Smith, Esq.