UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH SELTZER,<br><br>Plaintiff,<br><br>– against –<br><br>MAJESTY COACH & TOURS, fNC.,<br>DENNIS RHOADS, OWNER/OFFICER OF MAJESTY<br>COACH & TOURS, INC., JOHN AND JANE<br>DOE fictious names Representing BUS<br>DRIVERS/OPERA TORS, 1-4 of MAJESTY<br>COACH & TOURS, INC., and U.S.<br>COACHW A YS, INC.,<br><br>Defendants. | 17-CV-04447 |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT US COACHWAYS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND PLAINTIFF'S CROSS MOTION FOR ATTORNEYS FEES FOR DEFENDING THIS FRIVOLOUS MOTION

Law Offices of Tarsha C. Smith
Attorney for Plaintiff
170 East Main Street, #779
Patchogue, NY 11772
 (631) 447-8151

  tarshasmith@optonline.net

Lewis Johs
Attorneys for U S Coachways, Inc.
1 CA Plz, #225,
 Islandia, NY 11749
Jessica D. Klotz, Esq.
**631) 755-0101**

TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT..........................................................................1

OVERVIEW OF THE ARGUMENT................................................................1

 FACTUAL BACKGROUND...........................................................................2

ARGUMENT........................................................................................................4

A. The Court has subject matter jurisdiction over defendant, US Coachways, because US Coachways Admits That It is A New Jersey Corporation with its Principal Place of Business in the Place of its incorporation, New Jersey, therefore the Court Must Deny US Coachways Motion to Dismiss Based on Subject Matter Jurisdiction .......
................................................................................... 6

B. Plaintiff states a valid cause of action because Plaintiff's Second Amended Complaint against US Coachways is Timely based on the Relation Back Doctrine therefore the Court Must Deny US Coachways Motion to Dismiss Based on Statute of Limitations.................................................................... 9

C. LaTanya Greene is not an Indispensable Party as defined by Federal Rules of Civil Procedure Rule 12(b)(7) therefore the Court Must Deny US Coachways Motion to Dismiss Based on Failure to Join an Indispensable Party to This Action............. 14

CONCLUSION...........................................................................................15

TABLE OF AUTHORITIES                                      Page(s)

The Hertz Corp. vs. Melinda Friend, 559 U.S. 77 (2010)..................................... 6

**PRELIMINARY STATEMENT**

On or about August 3, 2014, Plaintiff was a participant in a family reunion bus charter from Bronx, New York to Mobile, Alabama and back. Plaintiff slipped and fell on a dangerous substance left by the Defendants, their assigns and agents bus driver(s)/ operators. Further, said driver/operator had the bus in a dangerous unsafe position in that the level of the bus was too high causing a dangerous situation. As a result, Plaintiff was injured due to the negligent, careless, reckless, indifferent conduct of Defendants US Coachways, Inc., a New Jersey company that hired Majesty Coach & Tours, Inc. to provide bus service from New York to Alabama and back and Majesty Coach, the company that U.S. Coachways, Inc. hired to service its clients, the persons on the bus charter. Majesty Coach was a Pennsylvania company that owned and operated the bus that caused damage and severe injury to Plaintiff. Plaintiff was a part of a family reunion trip from New York to Alabama and back. Plaintiff did not charter the bus with US Coachways. Plaintiff was not party to any agreement between US Coachways and LaTanya Greene (hereinafter referred to as "Client"), nor was Plaintiff party to any agreement between US Coachways and Majesty Coach & Tours, Inc. the Pennsylvania company that US Coachways contracted with to run the charter to Alabama and back. Plaintiff was injured on or about August 3. 2014 due to a dangerous condition that Majesty left on the floor of the bus with caused severe damage and pain to Plaintiff. US Coachways knew or should have known from the date of the incident, August 3, 2014 about Plaintiff's injury as Majesty had a contractual duty to disclose any and all events having to do with the customer and the participants of the charter. (Exhibit __) In the Charter #195156 agreement between US Coachways and Majesty dated March 28, 2018,

3

US Coachways specifically retained possessory rights to the client and the participants of the charter as Majesty was prohibited from soliciting the client and participants of the charter. Further, Charter #195156 agreement specifically states that Majesty had a duty to disclose any issues with customers/client that participate in the charter.

> "….Vendor (Majesty( is to perform such services as an affiliate to U.S. Coachways. … Vendor also agrees to compensate U.S. Coachways' clients if such services happen; lateness-cleanliness of restroom drivers professionalism-and overall services.  Complaints are received by our 24 hr dispatcher and are directed to our customer service department.  You will be notified to resolve such matters in some type of refund.  Please provide the customer service department with a just resolution…..Vendor acknowledges and agrees that any and all customers disclosed and referred to it by USC are customers of USC, not Vendor, and that any and all information disclosed and referred to it by USC to Vendor with respect to said customers are to be held in the strictest confidence by Vendor as the sole proprietary and confidential information of USC, and that Vendor will not use said proprietary information and/or solicit said customers for any current and/or future business, and to do so would be a breach of this Agreement subjecting Vendor to an injunction and compensatory damages.   …..Vendor agrees not to bill U.S. Coachways for overtime unless client speaks to U.S. Coachways Dispatcher before overtime is granted. Exhibit G contract between U.S. Coachways and Majesty Coach and Exhibit H Certificate of Liability Insurance indicating U.S. Coachways as additional insured and Majesty Coach as Insured."

U S Coachways knew or should have known of the pending litigation as on or about August 21, 2014 as Plaintiff , through her attorney, sent a letter on August 21, 2014 to Defendant, Dennis Rhoads, owner of Majesty,  giving notice of the incident and subsequent  damages to Plaintiff, FOURTEEN DAYS AFTER THE INCIDENT.  Further, Plaintiff, through her attorney, was contacted by Majesty's  insurance company , National Interstate, on or about August 28, 2014 and Plaintiff notified the Defendants' of the incident and injury, TWENTY-ONE DAYS AFTER THE INCIDENT, Plaintiff gave notice,  through her attorney, of the pending litigation and gave notice that all evidence

4

must be preserved. (Exhibit __) Defendant, US Coachways, Inc. knew or should have known of the incident and injury because of Majesty's duty to disclose to US Coachways any incidents as part of the charter.

A search of the New Jersey State Business search reveals that US Coachways is a New Jersey company with its principal place of business in New Jersey. (Exhibit __)

11. At all times relevant to this action, Defendant MARK TELMANY has been the President and, on information and belief, a partial owner of Defendant US Coachways, Inc. As President, Defendant Mark Telmany had, and has, the power to hire, fire, and set the wages and hours of all the employees of US Coachways, Inc., including Plaintiffs and others similarly situated.

12. Defendant Mark Telmany regularly walks into US Coachways, Inc.'s Staten Island offices to observe and oversee Defendants' operations.

13. Defendant EDWARD TELMANY has been the Vice President and, on information and belief, a partial owner of Defendant US Coachways, Inc. As Vice President, Defendant Edward Telmany had, and has, the power to hire, fire, and set the wages and hours of all the employees of US Coachways, Inc., including Plaintiffs and others similarly situated.

14. Defendant Edward Telmany regularly walks into US Coachways, Inc.'s Staten Island offices to observe and oversee Defendants' operations.

Former employees of US Coachways, Sonny Alloway and Juanita Figueroa, made statements in their complaint that gives insight into the actual principal place of business and/or nerve center of US Coachways is. The complaint filed on June 20, 2017 caption reading, in pertinent part as, Sonny Alloway and Juanita Figueroa vs. US Coachways, Inc., Mark Telmany and Edward Telmany, case number 17 CV 03720-RER states as follows:

The Telmany Family are owners of US Coachways and US Bus Charter and Limo, Inc which is, upon information and belief, the parent company to US Coachways and is based in New Jersey as well. Upon information and belief, the owners of US Coachways are engaging in "manipulating federal court jurisdiction to be able to have the advantage of choosing between two tribunals in case of litigation:"

US Coachways, admits That It is A New Jersey Corporation with its Nerve Center in New Jersey and therefore the Court has Subject Matter Jurisdiction over US Coachways and the Court Must Deny US Coachways Motion to Dismiss Based on Subject Matter Jurisdiction.

Plaintiff's Second Amended Complaint against US Coachways is Timely based on the Relation Back Doctrine therefore the Court Must Deny US Coachways Motion to Dismiss Based on Statute of Limitations.

LaTanya Greene is not an Indispensable Party as defined by Federal Rules of Civil Procedure Rule 12(b)(7) In this Slip and Fall Tort action in that LaTanya Greene did not create the dangerous condition on the walkway of the Bus which resulted in Plaintiff's Injury therefore the Court Must Deny US Coachways Motion to Dismiss Based on Failure to Join an Indispensable Party to This Action.

For the reasons set forth below, it is respectfully submitted that instant motion should be denied in its entirety.

**A. The Court has subject matter jurisdiction over defendant, US Coachways, because US Coachways Admits That It is A New Jersey Corporation with its Principal Place**

**of Business in the Place of its incorporation, New Jersey, therefore the Court Must Deny US Coachways Motion to Dismiss Based on Subject Matter Jurisdiction**

Adding US Coachways, Inc. as a Defendant would not destroy complete diversity because the said Defendant is a New Jersey corporation that incorporated in New Jersey and has its principal place of business in New Jersey as defined by Hertz v. Friend, 559 U.S. 77 (2010). In Hertz the court defined principal place of business as the corporation's "nerve center". The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). We seek here to resolve different interpretations that the Circuits have given this phrase. In doing so, we place primary weight upon the need for judicial administration of a jurisdictional statute to remain as simple as possible. And we conclude that the phrase "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's "nerve center." See, e.g., Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (C.A.7 1986); Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y.1959) (Weinfeld, J.). We believe that the "nerve center" will typically be found at a corporation's headquarters. Hertz Corp. v. Friend, 559 U.S. 77, (2010). US Coachways, Inc. corporate headquarters is located at 6 Manchester Court, Red Bank, New Jersey 07701 as Defendants disclosed on the New Jersey Business Gateway Business Entity Information and Records Service as of March 30, 2019. US Coachways, Inc. agent listed is Cheryl

Telmany. Ms. Telmany's address for service is 6 Manchester Court, Red Bank, New Jersey 07701. Ms. Telmany is listed as the president with 6 Manchester Court, Red Bank, New Jersey 07701 as the address. In Alloway et al v. US Coachways, Inc. et al, case number 2017-CV-03720, a New York Eastern District Court case before your Honor, Defendant, US Coachways, Inc. admitted to this Court's federal jurisdiction in this very court in its responsive pleading. (Exhibit I) Further, Defendant admits that its principal officers Mark Telmany and Edward Telmany, president and part owner "Admit the allegations of paragraph 14 of the Complaint to the extent that Mark Telmany, Edward Telmany is present at times in the Staten Island office…." And "Admit the allegations of paragraph 14 of the Complaint to the extent that Edward Telmany is present at times in the Staten Island office….". Edward Telmany and Mark Telmany, key officers in US Coachway, Inc. admitted that from time to time is present at the Staten Island office. Therefore, this court must conclude that the Staten Island office is not the principal place of business of US Coachways. Defendant is attempting to forum shop to avoid litigation in this action as stated in Hertz, "And on March 12, 1951, that committee, the Committee on Jurisdiction and Venue, issued a report (hereinafter Mar. Committee Rept.). Among its observations, the committee found a general need "to prevent frauds and abuses" with respect to jurisdiction. Id., at 14. " Hertz Corp. v. Friend, 559 U.S. 77, 86 (2010). This court must not allow Defendant, US Coachways to admit to federal jurisdiction in one case before your Honor and attempt to deny jurisdiction in the case at bar in an attempt to avoid litigation. In Bull v. US Coachways, 2014 CV 05789, Defendant US Coachways admitted that it was a New Jersey Corporation in its responsive pleading.

"Where a corporation is engaged in far-flung and varied activities which are carried on in different states, its principal place of business is the nerve center from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective. The test applied by our Court of Appeals, is that place where the corporation has an 'office from which its business was directed and controlled'—the place where 'all of its business was under the supreme direction and control of its officers.' " Scot Typewriter Co., 170 F.Supp., at 865.

Hertz Corp. v. Friend, 559 U.S. 77, 89-90 (2010)

In the case at bar Cheryl Telmany, president of US Coachways, Edward Telmany, president of US Coachways and part owner and Mark Telmany, an principal officer, upon information and belief, direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective in New Jersey. The place where all of its business was under the supreme direction and control of its officers is New Jersey. Therefore, by Defendant, US Coachways own admission, it is a New Jersey corporation and as such, adding Defendant, US Coachways , will maintain complete diversity and this Court has subject matter jurisdiction as to Defendant, US Coachways, therefore this court must deny Defendant's motion to dismiss and award costs to Plaintiff to defend against the motion to dismiss as Defendant's acted in bad faith.

**B. Plaintiff states a valid cause of action because Plaintiff's Second Amended Complaint against US Coachways is Timely based on the Relation Back Doctrine therefore the Court Must Deny US Coachways Motion to Dismiss Based on Statute of Limitations.**

2) Federal Rule 15(c)(1)(C)

"Rule 15(c)(1)(C) provides the federal standard for relation back." Hogan, 738 F.3d at 517. "For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), the following conditions must be met:

(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period." Id. (citing Barrow, 66 F.3d at 468-69). Substitution of a real name for a "John Doe" defendant "adds a new party" to a complaint so that claims against that new party only relate back if the strictures of Rule 15 are met. Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993).

In some instances, "an amended pleading relates back to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable limitations period." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010). Two forms of "relation back" are relevant. First, an amended pleading relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P.

15(c)(1)(A). Second, an amended pleading that adds a new party relates back pursuant to Rule 15(c)(1)(C) if the following conditions are met:

(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

The first prong in the relation back doctrine analysis is satisfied in the claim against Defendant US Coachway arose out of conduct set out in the original pleading. Defendant US Coachways was the dispatcher that assigned Defendant Majesty Coach and Tours, Inc. to the charter that injured Plaintiff. Defendant, US Coachways admits its involvement in its responsive pleadings. Thus the first prong in the relation back doctrine is satisfied. The second prong in the relation back doctrine is met in that US Coachways is the party to be brought in and had received notice of the pending litigation and thus would not be prejudiced in maintaining its defense. Plaintiff contacted Defendant, Dennis Rhoads, owner of Majesty Coach and gave notice of the of the pending litigation by fax to 610 898-1850 and by email to drhoads@musfestivals.com on August 21, 2014. (Exhibit A) Defendant Dennis Rhoads then notified his insurance company because Robert Gibbons, from National Interstate Insurance, contacted Plaintiff through her attorney on or about September 12, 2014. This office then sent a letter to Robert Gibbons, via email on September 12, 2014, once again, giving notice of the pending litigation and requesting that any and all evidence be preserved. (Exhibit C) On or about September 12, 2014, Nicole Cultrona, contacted this office and a letter was sent to

her via email giving further information regarding this claim. There was also correspondence dated June 12, 2015 to the National Interstate Insurance regarding the claim. (Exhibit D) Notice to Defendant Majesty Coach is notice to US Coachways because US Coachways created that duty with Majesty Coach pursuant to contract entered into between the parties Defendants US Coachways and Majesty Coach on or about July 27, 2014. (Exhibit G) US Coachways bus charter participants as customers and Defendant Majesty Coach as servicer of US Coachways clients/customers. (Exhibit G page ) US Coachways set the itinerary. (Exhibit G page 1) US Coachways name appears in the agreement on the first page as "On Duty". (Exhibit G First page of Agreement) US Coachways received the money and paid Defendant Majesty at the end of the trip upon receipt of hours timely submitted by Defendant Majesty. US Coachways created a duty wherein anything pertaining to the charter party must be disclosed to the 24 hour dispatcher and are directed to "our customer service department". Further, the agreement states that "You will be notified to resolve such matters in some type of refund. Please provide the customer service department with a just resolution." (Exhibit G Third page of Agreement) Plaintiff was caused to slip and fall due to Defendant Majesty bus driver creating a dangerous situation on the stairwell of the bus. Defendant Majesty had a contractual obligation to notify Defendant US Coachways through its 24 hour dispatcher of the incident. As per the Agreement, Defendant US Coachways is imputed with knowledge of the pending litigation from the date the incident occurred on August 3, 2014 to present. Defendant US Coachways is also listed as an additional insured in a Certificate of Liability Insurance US Coachways required of Defendant Majesty Coach before Majesty Coach could be hired by US Coachways as an independent contractor as per the Agreement. **(Exhibit G Fourth page of Agreement** and **Exhibit H copy of Certificate of Insurance)** As per the

Agreement, the relation between Defendants US Coachways and Majesty Coach was as master and servant and as such this court must impute knowledge of Plaintiffs claim against US Coachways.

The third prong to the relation back doctrine is satisfied in that US Coachways should have known that, but for a mistake of identity, the original action would have been brought against it. In fact, US Coachways supplied the documentation to Coach USA to prove that Coach USA was not the dispatching defendant as identified in Plaintiff's original complaint. Defendant USA Coachways argument that Plaintiff knew that Defendant USA Coachways was a party and failed to bring Defendant USA Coachways into suit and that that was prejudicial to Defendant USA Coachways is without merit. Cases law hinges the relation back doctrine on what the Defendant not named knew and not on when Plaintiff brings said Defendant into suit.   ). "[T]he doctrine [relation back-Plaintiff added] enables a plaintiff to correct a pleading error . . . after the statutory limitations period has expired [and] . . . thus gives courts the sound judicial discretion to identify cases that justify relaxation of limitations strictures to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary." Id. (internal citations, quotation marks, and alteration omitted). Buran is a leading policy determining case for New York decided by its highest court. It greatly expanded opportunities to relate back for amendments based on new defendants. Prior to the decision of the New York Court of Appeals in Buran, many lower courts only allowed relation back if the mistake by the plaintiff as to identity of the proper parties was "excusable." In Buran, the Court of Appeals held that the mistake need not be "excusable," and that requiring courts to evaluate the excusability of the mistake "unwisely focuses attention away from . . . the primary consideration in such cases—whether the defendant

could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter had been laid to rest as far as he is concerned." Id. at 983 (emphasis in original) (internal quotation marks omitted). Buran v. Coupal, 661 N.E.2d 978, 981 (N.Y. 1995). Plaintiff's Failure to include Defendant US Coachways in the original complaint before the Statue of Limitation ran was a mistake and/or error based on the information Plaintiff obtained after due diligence. Notice to the defendant, rather than the diligence of the plaintiff, is the "'linchpin' of the relation back doctrine." Id. (quoting Schiavone v. Fortune, 477 U.S. 21, 31 (1986)). The "practical effect" of requiring excusability "ha[d] been to render the relation back doctrine meaningless in all but rare circumstances. . . . Surely, such a result is not in keeping with modern theories of notice pleading and the admonition that the Civil Practice Law and Rules 'be liberally construe to secure the just, speedy and inexpensive determination of every civil judicial proceeding.'" Id. (quoting CPLR 104).

Plaintiff was not aware of Defendant US Coachways until after the Statute of Limitation ran. Plaintiff did not delay adding the new defendant in bad faith and therefore is not subject to the courts discretion to bar use of the relation back doctrine. "Other federal district courts have inquired whether the plaintiff intentionally did not initially name the newly added defendants. Amaya, 645 F. Supp. 2d at 124; Ingenito v. Riri USA, Inc. 89 F. Supp. 3d 462, 483 (E.D.N.Y. 2015). Under this inquiry, relation back is available if a plaintiff lacked knowledge of the true identity of the defendant, but the plaintiff evinces a lack of mistake if he fails to amend his complaint in a timely manner upon learning the defendant's proper identity. See, e.g., Amaya, 645 F. Supp. 2d at 124 ("Plaintiffs were aware of Tedesco's role at least as of May 12, 2005, when he was added as a third-party defendant, yet they did not

14

seek to add him as a direct defendant for almost three years."); Strada, 2014 WL 3490306, at *9 ("Plaintiff offers no explanation for his failure to timely amend the Complaint to add the proposed defendants despite having knowledge of the individual defendants' potential liability by, at least, October 3, 2012 . . . Here, by Plaintiff's own representation, he knew of all of the proposed defendants over a month before the statute of limitations expired on November 7, 2012."). Defendant's argument that Plaintiff should be barred from claiming the relation back document is without merit. Plaintiff was not aware of the true identity until after the Statute of Limitation ran and Plaintiff amended her Complaint in a timely fashion once directed by this Court upon final determination by this court that Coach USA, Inc. would not be party to this action. Plaintiff filed within the Court's time frame, approximately less than two months after this Courts ruling.

However, Defendant US Coachways was on notice because Defendant US Coachways had a master servant relationship with Defendant Majesty Coach as per the contract. Defendant US Coachways controlled every detail of how Defendant Majesty Coach was to serve its client. (Exhibit G) Defendant US Coachways even controlled when and how Defendant Majesty Coachways were to be paid, what kind of drivers to have. The extreme control Defendant US Coachways maintained is indicative of a master-servant relationship and/or employer to employee. "The most frequently cited relationship creating a unity of interest is vicarious liability, such as between an employer and employee or a corporation and its agents." Id. Defendant US Coachways and Defendant Majesty Coach created a unity of interest to provide service to the charter party. Therefore knowledge of Plaintiff's claim and pending litigation is imputed to Defendant US Coachways; the Plaintiff's claim against US Coachways arose out of the same circumstances and occurrence as plead in Plaintiff's

original complaint. Therefore Plaintiff states a cause of action against Defendant US Coachways that is not barred by the three year Statute of Limitations and Defendant US Coachways would not be prejudiced because notice of this suit is imputed to Defendant. Further, the original Complaint was timely filed before the Statute of Limitation ran. This fact is not disputed by Defendant US Coachways.

Therefore Plaintiff's Second Amended Complaint against US Coachways is Timely based on the Relation Back Doctrine therefore the Court Must Deny US Coachways Motion to Dismiss Based on Statute of Limitations and grant Plaintiff's request to obtain attorney's fees for defending a frivolous action. It is clear from terms of Defendant US Coachways contractual agreement with Defendant Majesty Coach, the Certificate of Liability Insurance, its production of the contractual agreement with the charter and its 24 hour dispatcher service for such incidents related to the charter party that Defendant wasted the courts time and Plaintiff's time and resources in bringing this motion in bad faith.

C. **LaTanya Greene is not an Indispensable Party as defined by Federal Rules of Civil Procedure Rule 12(b)(7) therefore the Court Must Deny US Coachways Motion to Dismiss Based on Failure to Join an Indispensable Party to This Action**

Plaintiff cites Rose v. Simms, No. 95-1466, 1995 WL 702307 *3 (S.D.N.Y. November 29,1995)for the proposition that, "Courts are most likely to rule that complete relief may not be accorded among the parties present in circumstances where the absent party plays a significant role in the provision of some form of injunctive relief." See also, Associated Dry Goods Corp. v. Towers Financial Corp., 920 F.2d 1121 (2d Cir. 1990) (adding "necessary party" per Rule 19(a) so that "full injunctive relief" could be obtained). In the

case at bar, complete relief can be obtained without the addition of LaTanya Greene in this action. Further, this is another example of Defendant, US Coachways bringing a frivolous motion. LaTanya Greene did not dispatch the charter to Defendant Majesty Coach, Defendant US Coachways did. LaTanya Greene did not own the charter bus in which Plaintiff was severely injured. Defendant Majesty Coach owned the bus company that provided the transport from the Bronx to Alabama and back. Defendant Majesty Coach did. LaTanya Greene did not have a duty to maintain a safe environment on the charter bus, Defendant Majesty Coach, Defendant US Coachways did. LaTanya Greene did not breach its duty to maintain a safe environment on the charter bus, Defendant Majesty Coach, Defendant US Coachways did. LaTanya Greene did not direct and control the charter bus. The defendants did. For these reasons, LaTanya Greene is not an indispensable party to this action. Full injunctive relief can be had with the parties in this action. Therefore, the Court Must Deny US Coachways Motion to Dismiss Based on Failure to Join an Indispensable Party to This Action

VI. CONCLUSION

The Court has subject matter jurisdiction over defendant, US Coachways, Plaintiff states a valid cause of action because Plaintiff's Second Amended Complaint against US Coachways is Timely based on the Relation Back Doctrine and LaTanya Greene is not an Indispensable Party as defined by Federal Rules of Civil Procedure Rule 12(b)(7).

WHEREFORE, it is respectfully submitted that this Court Must Deny US Coachways Motion to Dismiss in its entirety and award attorney's fees as sanction for bringing a frivolous motion, and other relief as this Court deems just and proper.

Dated: April 8, 2019
    Patchogue, New York

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2019 at 12 midnight, I emailed Plaintiff's Opposition to Defendant US Coachways motion to dismiss to Lewis Johs 1 CA Plaza, Ste 225, Islandia, New York 11749

 /s/ Tarsha C. Smith, Esq.
Tarsha C. Smith, Esq.